**ROYAL NATIONAL BANK OF NEW YORK, Plaintiff,**

v.

**The SECURITY BANK and Roy L. Baker, Jr., Defendants.**

**No. 70 Civ. 2910.**

United States District Court, S. D. New York.

Dec. 16, 1970.

Berg, Mezansky & Dorf, New York City, for plaintiff; by David Berg, New York City, of counsel.

Satterlee, Warfield & Stephens, New York City, for defendants; by Robert M. Callagy, New York City, of counsel.

## OPINION

POLLACK, District Judge.

The plaintiff, a New York bank, was approached in December, 1967 to lend money to a land development project known as Ozarks Paradise Village, Inc., (OPV hereafter) in the Western District of Missouri which was in need of a revolving credit line. OPV was in the business of selling land in a lakeside project on an installment payment basis calling for 10% cash down payment. It discounted its installment contracts with the defendant, The Security Bank, which is located in Harrison, Boone County, Arkansas, at 70% of the face amount of the contract prices. Thirty percent (30%) of the amounts of the contracts were to be held in reserve accounts to cover delinquencies and interest payable to The Security Bank. Any installment contract sixty (60) days in arrears was required to be repurchased by OPV and the repurchase price was to be charged against the principal balances in the reserve accounts. By the end of 1967, the defendant, The Security Bank, had discounted and held approximately $3,700,000 of these installment land sales contracts.

The plaintiff investigated the loan application to it from OPV for several months and in the meantime, required OPV to make a $200,000 deposit in plaintiff's bank which OPV supplied. In May, 1968, the plaintiff decided to make the revolving line of credit available by loans to OPV on a 9% interest basis. The loans were to be collateralized by assignments of installment contracts, trust deeds on mortgages on land sold and to be sold. A series of such loans were made by plaintiff to OPV totalling $1,500,000. In 1959, in the United States District Court for the Western District of Missouri, OPV was petitioned by a creditor into Bankruptcy Reorganization under Chapter X where discovery proceedings under Section 21(a) have been had and from which plaintiff supports its present complaint.

In this suit, plaintiff proceeds against the defendant, The Security Bank, and the latter's president contending that they are liable to plaintiff for its loans because OPV was in financial deep water when the plaintiff made its loans and OPV's shaky financial condition and

prospects were misrepresented and concealed by the defendants, who in substance or effect recommended the loans to plaintiff. The suit is framed as a violation of Section 10(b) of the Securities Exchange Act of 1934 and the Commission's Rules thereunder, in connection with the sale of an alleged security (the promissory notes of OPV) and as a common law fraud.

Two motions are now presented. (1) Defendants move to transfer this suit to the Western District of Arkansas where defendants reside and do business and where the suit could have been brought, on the ground of convenience to the parties and witnesses and in the interest of justice. (2) Defendants also move to dismiss the complaint for insufficiency.

Only the first motion will be disposed of here. A transfer will be granted as requested. The second motion will be referred to the transferee Court.

It would unduly advantage the plaintiff and be against the interests of fairness and justice to have the issues litigated in New York.

The basic facts in this case will be developed principally through sources in the area where the property is located and where the installment sales contracts were made, were discounted and are being processed and serviced. The facts giving rise to the matters on which plaintiff relies are preponderantly determinable in the locale where the land sales took place and were initially discounted. These facts calling for local witnesses and records include among others the alleged facts that: defendants had notice or knowledge that OPV was in serious financial difficulty; that large numbers of the installment purchase contracts were delinquent and were in default; that OPV did not have the required funds to either operate its business or to repurchase the installment contracts then delinquent or in default; that the installment sales contracts were of poor credit quality, with a heavy delinquency rate; that there was the possibility of substantial financial losses to The Security Bank, OPV and the defendant Baker; that defendants knew the rate of delinquency in the payment of the installment sales contracts; that the business of OPV was being conducted in a loose and negligent manner; that sales were being made of the lake lots by unlicensed personnel; that local enforcement authorities threatened prosecution of OPV; that the methods employed by OPV in the sale of its lots were irregular and that there was serious adverse publicity in the area; that defendants knew that OPV needed additional funds to operate its business and repurchase delinquent contracts held by the defendant bank to avoid jeopardy to those contracts and serious losses to OPV and the defendants.

The truth or falsity of the alleged representations to the plaintiff will involve witnesses who are principally from the area where defendants are located rather than the New York area. It is of relatively small inconvenience to plaintiff to give its evidence in Arkansas on the issues of the representations and reliance thereon. The suggestion that the plaintiff may have to face local prejudice is a mere conclusion unsupported by any evidentiary support and no recognition may be given thereto.

The foregoing are not intended to set forth the complete picture of the broad scope of the evidence that will be required to deal with the issues that have been posed by the pleadings in this case. They do indicate, however, that there is a large number of witnesses who will have to be called upon and documentary data supplied from areas in and around Harrison, Arkansas. The affidavit of Mr. Callagy on behalf of the moving parties sworn to December 3, 1970 together with the affidavits and statements annexed thereto set forth the scope of the proof to be anticipated from that region.

It further appears clearly from the papers herein that the plaintiff will not be prejudiced in the matter of obtaining a speedy determination of the merits of its claims by a transfer; the Arkansas Court is reasonably up-to-date.

The question that has been raised as to the applicability of the Securities Exchange Act of 1934 and Rule 10b(5) is not considered or decided by this Court. This question is best dealt with by the Court which will have before it and will undertake the responsibility for determining the significant facts involved.

This case is distinctly one where the interests of justice as well as the preponderant convenience of the parties and witnesses require that the action be transferred as requested to the Western District of Arkansas, Harrison Division. The Clerk is accordingly directed to effect the said transfer.

So ordered.